```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


OLAF SUTTON,                       :     CIVIL ACTION
                                   :     No. 11-7005
       Plaintiff,                  :
                                   :
    v.                             :
                                   :
CITY OF PHILADELPHIA et al.,       :
                                   :
       Defendants.                 :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              March 27, 2015

      Before the Court is the remnant of Plaintiff Olaf Sutton's civil rights case against Defendants City of Philadelphia, Aramark Correctional Services, Inc., and several individuals. Plaintiff has alleged that, as an inmate in a Philadelphia jail, he was not provided with meals in accordance with his religious beliefs, in violation of the Constitution and federal statute. The Court previously granted partial summary judgment for Defendants, leaving only Plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment. For the following reasons, the Court will now grant summary judgment in full, although it will allow Plaintiff to pursue nominal damages.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a Muslim inmate whose religious beliefs prevented him from eating the meat provided in standard prisoner meals, brought this action against Defendants.[1] Plaintiff alleged that, although Jewish inmates received Kosher meals, he was only provided vegetarian meals rather than those with the Halal meat he requested. He claimed this practice violated his civil rights under 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment, the First Amendment, and the Religious Land Use and Institutionalized Persons Act. Plaintiff also brought an intentional and negligent infliction of emotional distress claim.

On May 20, 2014, the Court granted in part and denied in part Aramark Defendants' Motion for Summary Judgment (ECF No. 59), and granted City Defendants' Motion for Partial Summary Judgment (ECF No. 60). ECF No. 78. As a result, the only claims left in the case are those for monetary damages under the Equal Protection Clause against the City, Aramark, and individual Defendants in their individual capacities only. Thus, parts of Count I (civil rights under §§ 1983 and 1988), Count II

---

[1]     For simplicity's sake, the Court has taken to splitting Defendants into two groups: City Defendants and Aramark Defendants. City Defendants comprise the City of Philadelphia, Louis Giorla, John P. Delaney, Chaplain Phyllis Taylor, Sergeant Gamgemi, and Sergeant Pote. Aramark Defendants comprise the Aramark entities and Walter Flaherty.

(Fourteenth Amendment), Count VII[2] (conspiracy) remain intact to the extent they relate to the Equal Protection Clause.

On July 11, 2014, after holding a status and scheduling conference, the Court issued an order directing the parties to file supplemental briefs on the applicability of Turner v. Safley, 482 U.S. 78 (1987), and on the appropriate measure of damages. ECF No. 82. After receiving the parties' briefs, the Court heard oral argument on February 19, 2015. Defendants' motions for summary judgment are now ripe for final disposition.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is

---

[2]   This count is actually Count VI, but was misnumbered in the Second Amended Complaint.

"genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)) (internal quotation marks omitted).

**III. DISCUSSION**

At oral argument, the parties had the opportunity to respond to each other's arguments and to provide evidence, if any, in support of their positions. Before the hearing, the parties each submitted supplemental briefs covering the following issues: (1) the applicability of the Turner factors; (2) compensatory damages; and (3) punitive damages. At the hearing, however, Defendants--and especially the City--made

4

clear that they considered causation to be the key remaining issue. In fact, Defendants noted they are willing to concede a default judgment for nominal damages on the Equal Protection claims in the event that the Court rules in their favor on causation. Hearing Tr. 12:21-20:1, Feb. 19, 2015, ECF No. 93. In response, Plaintiff's counsel performed an about-face with respect to the arguments she had made up to that point, now asserting that the meals Defendants provided to Plaintiff were lacking in nutritional value and that this lack forced Plaintiff to supplement his diet with unhealthy junk food from the prison commissary. See id. 20:21-23 ("We are not talking--that's not the issue here. It is not the quality of the food, it is the quality of the nutrition."); id. 22:9-11 ("THE COURT: Well, are you saying that the vegetarian meal is not a nutritional meal? [PLAINTIFF'S COUNSEL:] I am, Your Honor."). Apparently, Plaintiff's consumption of unhealthy food led to his claimed injury--an increase in weight and blood pressure. See id. 27:1-2; Pl.'s Br. 10-11.[3]

       Therefore, the issue before the Court, which is dispositive, is whether, assuming arguendo Defendants violated Plaintiff's Equal Protection rights, summary judgment is appropriate on the causation question. Specifically, the Court

---

[3] Because Plaintiff's brief lacks page numbers, the Court refers to those provided by ECF.

asks whether Plaintiff's prison meals were adequately nutritional and, if not, whether their failure to be so caused Plaintiff to consume junk food, thereby suffering weight gain and associated problems. All parties agree that the answer to this question is central to resolving the case. See id. 12:21-20:1; see also id. 26:8-21 ("THE COURT: But, you would agree that for purposes of this argument . . . [if] the City provided a nutritional meal then [Plaintiff's] choice of purchasing goods at the commissary was voluntary. If the City failed to provide a nutritional meal his choice of attempting to supplement that meal was not voluntary. [PLAINTIFF'S COUNSEL:] Right.").

   The Rule 56 paradigm requires that once Defendants have met their burden of showing the absence of a genuine issue of material fact, Plaintiff, as the nonmoving party, must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (quoting First Nat'l Bank of Ariz., 391 U.S. at 288) (internal quotation marks omitted). Here, Defendants note that Plaintiff has never previously challenged the nutritional value of the meals provided. Hearing Tr. 35:16-37:7. Rather, the contract between the City and Aramark requires that Aramark provide "well-balanced" meals containing "a minimum of 2,850 calories per average day." Def. Aramark's Br. Ex. E, City of Phila. Prison Sys., Scope of Servs. for Food. Servs. ¶ 1.3.2.3.1. The contract also requires menus

6

to be reviewed and certified by a Registered Dietitian. Id. ¶ 1.3.2.4.1. Other than the generalized statements made by Plaintiff's counsel at oral argument, Plaintiff offers no evidence that Defendants breached the contract's terms or otherwise failed to provide nutritional meals to Plaintiff. See, e.g., Hearing Tr. 38:25-39:4 ("[PLAINTIFF'S COUNSEL:] You can't just say that certain vegetables are protein substitutes. How many vegetables have any protein content? How many? Maybe one, and I think a court can take judicial notice of that."). Contrary to the vague assertions of Plaintiff's counsel, no such evidence exists in the record.

Because Plaintiff failed to raise a genuine issue of material fact that Defendants did not provide him with nutritional meals, his causation argument founders. Assuming for purposes of summary judgment that Defendants did provide Plaintiff with nutritional vegetarian meals, there was no need for Plaintiff to purchase unhealthy food supplements from the prison commissary. Plaintiff's decision to do so resulted from his distaste for vegetarian meals, not from any nutritional necessity, and was therefore voluntary. Plaintiff has not shown

that a genuine issue of material fact existed as to causation,[4] and his case cannot withstand summary judgment.[5]

**IV. CONCLUSION**

For the reasons set forth above, the Court will grant Defendants' motions for summary judgment for all of Plaintiff's claims, with the exception that the Court awards Plaintiff judgment for nominal damages on his Equal Protection claims. An appropriate order follows.

---

[4] As City Defendants' counsel pointed out at oral argument, there is an additional problem with Plaintiff's causation argument: no evidence exists showing that his consumption of unhealthy food precipitated his claimed injuries. See Hearing Tr. 16:17-25. The weight gain and blood pressure increase could just as plausibly have resulted from Plaintiff's lack of exercise or an independent medical condition. See id.

[5] As indicated above, Defendants conceded an Equal Protection violation. Therefore, the Court will award judgment on Plaintiff's Equal Protection claims for nominal damages only, plus applicable attorney's fees, to the extent permitted under the statute. See 42 U.S.C. § 1997e(d). As a matter of law, punitive damages are not available against municipalities on § 1983 claims. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Although punitive damages may in theory be assessed against Aramark Defendants, such damages are precluded here, where Plaintiff has failed to offer any evidence showing that these Defendants' "conduct [was] motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others." Coleman v. Kaye, 87 F.3d 1491, 1497 (3d Cir. 1996) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)) (internal quotation marks omitted), abrogated on other grounds as recognized by Nance v. City of Newark, 501 F. App'x 123 (3d Cir. 2012).

that a genuine issue of material fact existed as to causation,[4] and his case cannot withstand summary judgment.[5]

**IV. CONCLUSION**

For the reasons set forth above, the Court will grant Defendants' motions for summary judgment for all of Plaintiff's claims, with the exception that the Court awards Plaintiff judgment for nominal damages on his Equal Protection claims. An appropriate order follows.

---

[4] As City Defendants' counsel pointed out at oral argument, there is an additional problem with Plaintiff's causation argument: no evidence exists showing that his consumption of unhealthy food precipitated his claimed injuries. See Hearing Tr. 16:17-25. The weight gain and blood pressure increase could just as plausibly have resulted from Plaintiff's lack of exercise or an independent medical condition. See id.

[5] As indicated above, Defendants conceded an Equal Protection violation. Therefore, the Court will award judgment on Plaintiff's Equal Protection claims for nominal damages only, plus applicable attorney's fees, to the extent permitted under the statute. See 42 U.S.C. § 1997e(d). As a matter of law, punitive damages are not available against municipalities on § 1983 claims. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Although punitive damages may in theory be assessed against Aramark Defendants, such damages are precluded here, where Plaintiff has failed to offer any evidence showing that these Defendants' "conduct [was] motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others." Coleman v. Kaye, 87 F.3d 1491, 1497 (3d Cir. 1996) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)) (internal quotation marks omitted), abrogated on other grounds as recognized by Nance v. City of Newark, 501 F. App'x 123 (3d Cir. 2012).